JAMES W. ELWELL & another *vs.* SAMUEL DIZER & anotnei.

Under *St.* 1859, *c.* 196, § 27, exceptions allowed by a judge of the superior court more than fifteen days after they are presented to him, cannot be entered and heard in this court.

A petition for leave to establish the truth of exceptions in this court cannot be filed after the time when the exceptions would by law have been entered, if duly signed and allowed, although the same exceptions were allowed in the superior court after the time limited by *St.* 1859, *c.* 196, § 27.

CONTRACT. At the trial in the superior court, at April term 1860, before *Brigham,* J., a verdict was returned for the defendants, and the plaintiffs alleged exceptions, which were allowed on the 11th of July. It was now objected by the defendants that the allowance was too late, and that the exceptions were not properly before this court.

*B. Dean,* for the plaintiffs.

*I. W. Richardson,* (*L. Gray* with him,) for the defendants.

BIGELOW, C. J. These exceptions are not rightly here, and we cannot take cognizance of them. By *St.* 1859, *c.* 196, § 27, which was in force when this action was tried, the judge of the superior court was allowed only fifteen days after exceptions were presented to him to examine and allow them. After that time, he had no authority to sign them, and his subsequent allowance of them was without authority of law and can have no effect. *Barstow* v. *Marsh,* 4 Gray, 165. The remedy of the party taking the exceptions for an omission or failure of the judge to sign and allow them seasonably, was by a petition to this court to establish their truth under § 29 of the same act.

By Gen. Sts. *c.* 115, § 8, the limitation of time for the allowance of exceptions to fifteen days is repealed so far as relates to cases in which the judge certifies that reasons exist rendering a longer delay necessary. But that provision is not applicable to this case. *Exceptions dismissed.*

The plaintiffs then filed a petition for leave to establish in this court the truth of their exceptions, as allowed in the superior court; which was argued by the same counsel.

BIGELOW, C. J. This petition comes too late. The petitioner has not complied with the rule of this court regulating the proof of exceptions which have not been allowed by the judge who tried the case. That rule requires that the petition for the entry of exceptions shall be entered at the term at which the exceptions would have been entered if they had been duly allowed, and that notice of such petition shall be given to the adverse party ten days before such term.

It is true that this rule was framed when the statute required exceptions to be entered in this court at a stated term thereof next after the exceptions were allowed and filed; and that now, by *St.* 1859, *c.* 196, §§ 34, 44; Gen. Sts. *c.* 112, § 33, questions of law arising in cases pending in the nine eastern counties are to be entered within a specific time after their allowance on the docket of this court without reference to the commencement of

41 *

a term. But this provision does not repeal, but only modifies the rule. Construed in connection with the statute, the word "term" in the rule must be held to import "time in the term." The petitioner can no longer give the notice according to the letter of the rule, ten days before the term. But it is reasonable to hold that the statute, in changing the time for the entry of exceptions, operated to modify the rule so far as to require a party claiming to enter and prove exceptions to file his petition therefor "at the time in the term" when the exceptions would have been entered, if duly allowed, and to give notice thereof according to the requirements of the rule ten days before such time.

The motion of the plaintiffs to enter the exceptions, on the ground that the omission to enter them was occasioned by accident and mistake, cannot prevail. The difficulty is that he has no exceptions which have been duly allowed or which he can prove. The provision in Gen. Sts. *c.* 112, § 17, applies only to cases where the exceptions have been duly allowed and filed in the court where the action was tried, and where the party taking them has omitted to enter them in this court in proper season.

*Petition to prove exceptions dismissed, and motion to enter them overruled.*